IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>EMONNIE BRANCH,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  3:12-cr-00099<br>)<br>)<br>)<br>)<br>) |

**ORDER**

The United States filed this action against the Defendant, Emonnie Branch, charging him as a felon in possession of a firearm.

Before the Court is the Defendant's renewed motion to suppress (Docket Entry No. 73) seeking suppression of evidence seized at the scene of his arrest at a motel as a seizure without probable cause in violation of the Fourth Amendment and suppression of his statements to police officers after his arrest as a violation of his Fifth Amendment right against self-incrimination.

In earlier proceedings, the Defendant's prior counsel filed the original motion to suppress (Docket Entry No. 20) to which the Government filed a response (Docket Entry No. 22). The Court held an evidentiary hearing on the original motion, but upon the Defendant's request new counsel was appointed for the Defendant. The Court denied the original motion to suppress without prejudice to renew by new counsel. Defendant's current counsel renewed the original motion and adopted by incorporation the original motion papers.

The relevant facts are that at about 8:20 p.m. on May 1, 2012, the Defendant drove a

woman to a Hampton Inn motel in the Clarksville, Tennessee area. The woman entered the motel lobby and told the front desk representative that she was under extreme duress and asked the representative to lock the lobby door. The woman explained that the man in the vehicle, outside the lobby, the Defendant, had killed the father of her children and was threatening to kill her and her children. The woman had a $100 bill to pay for the room, but the representative thought that the motel had full occupancy. The front desk representative gave the woman a key to the motel's gym room and told her to go park the vehicle and then go to the motel's gym while he called 911. The woman returned to the lobby and the front desk representative discovered a vacant room for them and gave the woman the key. At some point, the Defendant entered the lobby with the woman to get directions to the room. The police arrived and went to the motel room where the Defendant answered and was arrested. Later, the officer read the Defendant his Miranda rights and the Defendant several statements to the officers. The officers observed a weapon on the night stand near the motel bed.

The United States challenged the Defendant's standing to challenge the search of the motel room. The Defendant argues that as an occupant of the motel room, he has standing to challenge the seizure of the weapon from the motel room.

At the evidentiary hearing, the Court quoted Rakas v. Illinois, 439 U. S. 128, 141(1978), that "one wrongfully on the premises could not move to suppress evidence obtained as a result of searching them. Anyone legitimately on premises where a search occurs may challenge its legality". The Defendant bears the burden to show on objective and subjective bases that he had a legitimate expectation of privacy to be in the motel room. Based on the proof before the Court, there is no such evidence, on an objective or subjective basis, that the Defendant had a legitimate

expectation of privacy to be in the motel room. The facts are that the deeply distressed woman paid for the room with the Defendant in the vehicle outside the hotel. According to the woman, the Defendant had killed the father of the woman's children, and threatened to kill the woman and her children. A key to a room was initially given to the woman only because of her statements of an emergency situation and to give the motel employee time to call the police. There is not any proof that the Defendant was registered for the motel room. For those reasons, the Court concluded that the Defendant lacked standing to challenge the search of the motel room. See United States v. Cooper, 203 F.3d 22 1279 (11th cir. 2009). There is not any proof to alter that earlier ruling.

As to the Defendant's statements to the police officers, as stated earlier, this incident started sometime near 8:20p.m. With the police interview of the victim at the hospital after the Defendant's arrest, the officers' interviews of motel employees, collection of evidence at the motel, including pictures of the scene, and the Defendant's examination by emergency medical personnel, several hours elapsed. The Defendant had an injury to his hand that was addressed with a bandage. At approximately 5:00 a.m. the following morning, Heather Boyce, a detective with the Clarksville police department, read the Defendant his rights required by Miranda v. Arizona, 384 U.S. 436, 478-79 (1966). The Defendant who did not appear distressed or intoxicated, signed a waiver of rights form and gave statements to the officers. There is not any evidence of coercive conduct by the police officers or to suggest any involuntariness in the Defendant's waiver of his Miranda rights.

For these reasons, the Defendant's renewed motion to suppress (Docket entry No. 73) is **DENIED**.

It is so **ORDERED**.

Entered this the 31st day of January, 2014

William J. Haynes, Jr.
Chief United States District Judge